# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 14-576V
### Filed: October 29, 2014

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| GREGORY SMITH | \* |
| | \* |
| | \* |
| Petitioner, | \* |
| | \* |
| v. | \* |
| | \* |
| | \* |
| SECRETARY OF HEALTH | \* |
| AND HUMAN SERVICES, | \* |
| | \* |
| Respondent. | \* |

Ruling on Entitlement; Concession;
Tetanus-diphtheria-acellular pertussis
("Tdap"); Shoulder Injury Related to
Vaccine Administration  ("SIRVA")

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Marvin Firestone, MD, JD & Associates, San Mateo, CA for petitioner.
Heather Pearlman, U.S. Department of Justice, Washington, DC, for respondent.

## <u>RULING ON ENTITLEMENT</u>[1]

**Vowell**, Chief Special Master:

On July 8, 2014, Gregory Smith filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq*,[2] [the "Vaccine Act" or "Program"].  The petition alleges that as a result of a tetanus-diphtheria-acellular pertussis ("Tdap") vaccination on July 11, 2011, petitioner suffered an injury to his left shoulder and related sequelae. Petition at 6.

On October 29, 2014, respondent filed her Rule 4(c) Report ["Respondent's Report"], in which she concedes that petitioner is entitled to compensation in this case. Respondent's Report at 5.  Specifically, respondent submits "petitioner's alleged injury is consistent with a shoulder injury related to vaccine administration ("SIRVA")" and that

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I intend to post this ruling and order on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

"based on the record as it now stands, petitioner has satisfied all legal prerequisites for compensation under the Act." *Id.* at 5.

**In view of respondent's concession and the evidence before me, I find that petitioner is entitled to compensation.**

<u>**s/Denise K. Vowell**</u>
Denise K. Vowell
Chief Special Master