# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 14-576V
Filed: March 11, 2015

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
GREGORY SMITH,                              \*
                                            \*
            Petitioner,                     \*
     v.                                     \*
                                            \*   Attorney Fees and Costs; Stipulation;
SECRETARY OF HEALTH AND                     \*   Special Processing Unit ["SPU"]
HUMAN SERVICES,                             \*
                                            \*
            Respondent.                     \*
                                            \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Marvin Firestone, Esq., Marvin Firestone, MD, JD & Associates, San Mateo, CA, for petitioner.
Heather Pearlman, Esq., U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEY FEES AND COSTS[1]

**Vowell,** Chief Special Master:

On July 8, 2015, Gregory Smith filed a petition for compensation under the National Vaccine Injury Compensation Program,[2] [the "Vaccine Act" or "Program"]. Petitioner alleged that as a result of a tetanus-diphtheria-acellular pertussis ["Tdap"] vaccination on July 11, 2011, petitioner suffered a shoulder injury. Petition at 6. The case was assigned to the Special Processing Unit ["SPU"] of the Office of Special Masters. On February 11, 2015, I issued a decision awarding compensation to petitioner based on respondent's Proffer.

On March 10, 2015, the parties filed a Stipulation of Facts Regarding Final Attorneys' Fees and Costs. According to the stipulation, the parties agree upon a total award of attorneys' fees and costs to petitioner in the amount of $21, 883.82. In

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The applicable statutory provisions defining the program are found at 42 U.S.C. § 300aa-10 *et seq.* (2006).

accordance with General Order #9, petitioner's counsel represents that petitioner incurred no out-of-pocket expenses.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300 aa-15(e).  I find the proposed amount to be reasonable.

**Accordingly, I award the total $21, 883.82[3] as a lump sum in the form of a check jointly payable to petitioner and his attorney, Marvin Firestone.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**s/Denise K. Vowell**
Denise K. Vowell
Chief Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, 42 U.S.C. § 300aa-15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y, HHS*, 924 F.2d 1029 (Fed. Cir.1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review.  *See* Vaccine Rule 11(a).